UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

AMY BLEILE,

    Plaintiff,

CASE NO: 3:17-CV-103

CITY OF FORT ATKINSON, WISCONSIN,

    Defendant.

_____/

## COMPLAINT

Plaintiff, Amy Bleile ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues the City of Fort Atkinson, Wisconsin, Defendant, for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C §12101 *et seq*., ("Americans with Disabilities Act" or "ADA") and alleges:

### JURISDICTION AND PARTIES

1. This is an action for declaratory and injunctive relief pursuant to Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.,* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. § 1331 and 1343.

2. Venue is proper in this Court, the Western District of Wisconsin pursuant to 28 U.S.C. §1391(B).

3. Plaintiff, Amy Bleile (hereinafter referred to as "Bleile") is a resident of Whitewater, Wisconsin. Bleile is a qualified individual with a disability under the ADA. Bleile suffers from what constitutes a "qualified disability" under the Americans with Disabilities Act of 1990, ("ADA") and all other applicable Federal statutes and regulations to the extent that she suffers from cerebral palsy and requires the use of a wheelchair for mobility

and has limited use of her upper extremities. Prior to instituting the instant action, Bleile visited the Defendant's premises at issue in this matter, and was denied full, safe and equal access to the subject properties due to their lack of compliance with the ADA and barriers to access listed in paragraph 23, below, that she personally encountered. Bleile continues to desire to avail herself of the programs and services of Defendant and continues to desire to visit the Defendant's facilities but continues to be denied full, safe and equal access due to the violations that continue to exist.

4. The Plaintiff has suffered direct and indirect injury as a result of the Defendant's actions or inactions described herein. The Plaintiff personally utilized the city's Central Business District, Rock River Park and Aquatic Center, Ralph Park, Jones Park and Lions Park, (hereinafter referred to as the "facilities") prior to the filing of this lawsuit and was unable to fully and safely do so due to the Defendant's lack of compliance with the ADA. Plaintiff continues to be discriminated against due to the Defendant's continued lack of compliance and the Plaintiff's specific continued desire to visit and avail herself of the programs, services and activities offered at the above-named facilities of the City of Fort Atkinson.

5. The Defendant, The City of Fort Atkinson (hereinafter referred to as "Fort Atkinson") is a municipal corporation conducting business in the State of Wisconsin. Upon information and belief, Fort Atkinson is the operator, owner and/or lessee of the programs and services offered by Fort Atkinson as well as the facilities, real properties and improvements which are the subject of this action, namely Central Business District, Rock River Park and Aquatic Center , Ralph Park, Jones Park and Lions Park referred to as the "subject "facilities."

6. All events giving rise to this lawsuit occurred in the Western District of

Wisconsin.

## COUNT I-VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

7. Plaintiff re-alleges and re-avers the allegations contained in Paragraphs 1-6 as if expressly contained herein.

8. In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

9. Title II of the ADA also requires a public entity to furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of a service, program, or activity conducted by a public entity. 28 C.F.R. §35.160(b)(1).

10. Title II of the ADA and 28 C.F.R. §35.105 required Defendant to have completed a Self-Evaluation by January 26, 1993 of its current services, policies, and practices, and the effects thereof, that do not comply with the ADA. Defendant was required to proceed to make the necessary modifications. Defendant has not completed an adequate Self-Evaluation.

11. Title II of the ADA and 28 C.F.R. §35.105 required Defendant to develop a Transition Plan by July 26, 1992, where structural changes in its existing facilities needed to be undertaken to achieve program accessibility for all persons with disabilities. Defendant failed to adequately develop a Transition Plan.

12. Defendant's failure to adequately complete its Self-Evaluation and failure to adequately develop a Transition Plan which fully meet the requirements of the ADA has denied, and continues to deny, Plaintiff her rightful opportunity for full, safe and equal access.

13. Defendant was required to have completed structural changes to the subject facilities, over two decades ago, and, in any event, no later than January 26, 1995 pursuant to 28 C.F.R. §35.150(c). Defendant has failed to complete the required structural changes to achieve equal program, service or activity access to their facilities.

14. Defendant has known of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes for over eighteen years. Defendant has arbitrarily and intentionally refused to complete the necessary and required structural changes to the subject facilities by the January 26, 1995 date as mandated by federal law.

15. Defendant's failure to adequately meet all of its obligations including, *inter alia*, to complete a Self-Evaluation, to develop a Transition Plan[1] for modification of existing facilities, and to have fully implemented all structural modifications, has denied, and continues to deny, Plaintiff full, safe and equal access to Defendant's programs, services and activities that are otherwise available to persons without disabilities at the subject facility.

16. As a governmental and public entity, and as officials comprised of the highest level of decision makers, Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of her disability. Defendant directly participated in or acquiesced in the conduct or acts of omission described in this Complaint. Defendant's discrimination against Plaintiff solely on the basis of disability has been, and continues to be, arbitrary, knowing and intentional.

---

[1] Despite Defendant's alleged failure to comply with the ADA's self-evaluation and transition plan requirements, Plaintiff does not seek by this action to compel Defendant to comply with these requirements at this time, but rather seeks removal of the enumerated barriers to access alleged to exist in Paragraph 23, below, to the extent necessary to ensure all programs, services and activities offered by Defendant are readily accessible and usable by Plaintiffs when viewed in their entirety.

17. Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28 C.F.R. 35.149-150. It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after Aconsidering all resources available for use in the funding and operation of the service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion. 28 C.F.R. ' 35.150(a)(3). Fort Atkinson cannot meet this burden.

18. Plaintiff was subjected to discrimination in attempts to access the programs, services and facilities operated and owned by Fort Atkinson. Plaintiff continues to desire to utilize Fort Atkinson's programs and services as well as return to the subject facilities owned and operated by Fort Atkinson and therefore will continue to suffer discrimination by Fort Atkinson in the future.

19. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 35 and ADA Standards for Accessible Design, 28 C.F.R. Part 36, Appendix A.

20. Fort Atkinson has discriminated against Plaintiff by denying her full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 *et seq.*, and by failing to remove architectural barriers pursuant to 28 C.F.R. §35.150(c).

21. Defendant, Fort Atkinson has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations of Fort Atkinson in derogation of Title II of the ADA, 42 U.S.C. § 12101 *et seq*.

22. The Plaintiff has been unable to and continues to be unable to enjoy access to the benefits of the programs, services and facilities owned, operated and/or leased by Fort Atkinson.

23. Defendant is in violation of 42 U.S.C. § 12101 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and is discriminating against the Plaintiff due to the following violations, *inter alia*:

### Central Business District

i. There are an insufficient number of accessible parking spaces to provide program access to the Central Business District;

ii. Public Parking lot #1, the accessible parking spaces have no access aisles necessary for wheel chair users to enter and exit a vehicle and the accessible parking signage is mounted too low to be seen over parked vehicles;

iii. Neither of the two, on the street, accessible parking spaces provided to serve the Cith Hall are van accessible;

iv. Loman Bicentennial Park, the accessible parking at 210 S. Water Street has no access aisle or accessible signage;

v. At public parking lots #7, #8 and #9, there are an insufficient number of accessible parking spaces and no van accessible parking spaces are provided.

vi. Public parking lot # 10, the accessible parking spaces have no access aisles or accessible signage;

**Rock River Park and Aquatic Center**

vii. The three accessible parking spaces provided have no access aisles and the accessible parking signage is mounted too low to be seen over parked vehicles;

**Ralph Park**

viii. There are no accessible parking spaces provided;

ix. There are no accessible picnic tables at the pavilions;

**Jones Park**

x. The accessible parking spaces have no access aisles and no signage;

**Lions Park**

xi. There is no accessible parking provided.

24. There are other current barriers to access and violations of the ADA in Fort Atkinson which were not specifically identified herein as the Plaintiff is not required to engage in a futile gesture pursuant to 28 C.F.R. §36.501 and, as such, only once a full inspection is performed by Plaintiffs or Plaintiff's representatives can all said violations and barriers to access be identified.

25. The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by Fort Atkinson pursuant to 42 U.S.C. § 12205.

26. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an Order to alter the subject programs, services and

facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against Fort Atkinson and request the following injunctive and declaratory relief:

A. That the Court declare that the programs, services and facilities owned, operated and administered by Defendant, are violative of the ADA;

B. That the Court enter an Order directing Defendant to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

C. That the Court enter an Order directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

E. That the Court award such other and further relief as it deems necessary, just and proper.

## COUNT II – VIOLATION OF THE REHABILITATION ACT

27. Plaintiff re-alleges and incorporates by reference, as if fully set forth again herein, the allegations contained in paragraphs 1 through 26 of this Complaint.

28. As more fully described above, Plaintiff is an individual with a disability.

29. Furthermore, the Plaintiff is a Wisconsin resident who does or would like to frequent the subject facilities that are currently inaccessible as described above and herein, and is otherwise qualified to use and enjoy the programs, services and benefits provided by Defendant in the City of Fort Atkinson.

30. Defendant's acts and omissions that result in unequal access to the programs, services, facilities and activities provided by Defendant as alleged herein are in violation of

Section 504 of the Rehabilitation Act as codified in 29 U.S.C. § 794 *et seq.*, and the regulations promulgated thereunder which are codified in 34 C.F.R. § 104 *et seq.*  Defendant is the direct recipient of federal funds sufficient to invoke the coverage of Section 504. Moreover, the City owned and operated facilities and premises containing barriers to access as alleged herein, received or were directly benefitted by federal financial assistance.

31. Solely by reason of disability, Plaintiff has been, and continues to be, excluded from participation in, denied the benefit of, and subjected to discrimination in her attempts to receive full, safe and equal access to the services offered by Defendant.

32. Defendant is in violation of Section 504 of the Rehabilitation Act, as amended, 29 U.S.C. §794 and is intentionally discriminating against the Plaintiff due to the barriers listed in Paragraph 23 hereinabove.

33. Upon information and belief, there are other current violations of the Rehabilitation Act in Fort Atkinson and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

WHEREFORE, the Plaintiffs demand judgment against Fort Atkinson and request the following injunctive and declaratory relief:

    A    That this Court accept jurisdiction of this case and declare that the programs, services and facilities owned, operated and administered by Fort Atkinson are discriminatory and are violative of the Rehabilitation Act;

    B.    That the Court enter an order requiring Fort Atkinson to alter its programs, services and facilities to comply with federal law and regulations to make them accessible to and usable by individuals with disabilities to the extent required by the Rehabilitation Act;

    C.    That the Court enter an order directing Fort Atkinson to evaluate and neutralize its policies, practices, and procedures toward individuals with disabilities, for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D. That the Court enter an order mandating that Fort Atkinson undertake a self-evaluation and that such evaluation contain a description of all of Defendant's programs, services and facilities; a review of all policies and practices that govern the administration of such programs, services and facilities; and an analysis of whether the policies and practices regarding such administration adversely affect the full participation of and use by individuals with disabilities;

E. That the Court enter an order mandating Fort Atkinson to expeditiously make all reasonable and appropriate modifications in its policies, practices and procedures, provide effective signage, remove all architectural barriers that would not cause an undue financial or administrative burden or cause a fundamental alteration to the program or activity, provide alternative means when necessary; and, otherwise, take all such steps as are reasonable and necessary to ensure that persons with disabilities are no longer excluded, denied services, segregated or otherwise treated differently and discriminated against at the subject facilities;

F. Awarding reasonable attorney fees, expert fees, costs, and expenses to the Plaintiff;

G. Retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court and awarding such other, further or different relief, as the Court deems necessary, just and proper.

Dated this 9th day of February 2017.

Respectfully submitted,

By: /s/ Edward I. Zwilling
Edward I. Zwilling, Esq.
Alabama State Bar No.: ASB-1564-L54E

**OF COUNSEL:**
Schwartz Roller & Zwilling
600 Vestavia Parkway, Suite 251
Birmingham, Alabama 35216
Telephone: (205) 822-2701
Facsimile: (205) 822-2702
Email: ezwilling@szalaw.com